HERITAGE LAW FIRM, LLC
GREGORY M. HERITAGE, ESQ.
District of Columbia Bar No. 472764
P.O. Box 690484
Vero Beach, FL 32969
(907) 952-4264
E-mail: heritagelawfirmak@gmail.com
Attorney for Defendant Nicole Joyner

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br>vs.<br><br>NICOLE JOYNER,<br><br>       Defendant. | Case No. 1:24-cr-00371-JEB<br><br>**MOTION TO USE A JURY QUESTIONNAIRE AND TO CONDUCT EXTENSIVE VOIR DIRE** |

COMES NOW Defendant Nicole Joyner by and through her Attorney Gregory M. Heritage and submits this Motion to Use a Jury Questionnaire and Conduct Extensive Voir Dire respectfully requesting the following relief:

1. The Court allows the defense to use the Jury Questionnaire at Exhibit 1.

2. The Court allows the defense 10 Peremptory Challenges instead of 3.

3. The Court allows extensive *voir dire* on subject areas in the Questionnaire to determine jury bias so Nicole Joyner has a fair and just trial.

Dated this 10th day of September, 2024

                                                          Respectfully Submitted:
                                                          /s/Gregory Heritage

                                                          GREGORY M. HERITAGE, ESQ.

Motion to use a Jury Questionnaire and to Conduct Extensive Voir Dire
*U.S. v. Nicole Joyner;* 1:24-cr-00371-JEB
Page 1 of 7

HERITAGE LAW FIRM, LLC
P.O. Box 690484 • Vero Beach, FL 32969
Phone: (907) 952-4264
Email: heritagelawfirmak@gmail.com

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### PROCEDURAL POSTURE

The government filed the Information on 8/15/2024.[1]  In that Information, the government alleged the following violations:

- Count 1: Entering and Remaining in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(1);

- Count 2: Disorderly and Disruptive Conduct in a Restricted Building or Grounds in violation of 18 U.S.C. § 1752(a)(2);

- Count 3: Disorderly Conduct in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(D);

- Count 4: Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. § 5104(e)(2)(G).

The Court set trial to begin on October 21, 2024.

### II.

### FACTS

The government alleges that Nicole Joyner, carrying a small American flag and occasionally joining in chants of "USA—USA," walked into and, shortly thereafter, walked out of the Capitol building on January 6, 2020.

---

[1] Document 21, Information, filed 8/15/2024, Case No. 1:24-cr-00371-JEB.

Motion to use a Jury Questionnaire and to Conduct Extensive Voir Dire
*U.S. v. Nicole Joyner;* 1:24-cr-00371-JEB
Page 2 of 7

**III.**

**THERE IS GOOD CAUSE TO BE CONCERNED ABOUT JUROR BIAS**

Due to a constant barrage of false political narratives deliberately designed to divide Americans that have been repeated over and over by the news media along with social media, there is good cause to be concerned about juror bias in Washington, D.C. There is evidence of jury bias based upon bench trial requests along with jury studies. To be fair to the D.C. jurors, if these type of "J6" trials were conducted in most areas of Alaska, Montana, Texas, North Dakota, or Florida, there would be extraordinary bias against conviction as the nation further divides into "red and blue states."

To evaluate potential issues with jury bias, the Federal Public Defenders' Office for the District of Columbia commissioned Select Litigation, LLC, of Washington, D.C., to assess the federal jury pool concerning trials resulting from the riot on January 6, 2021. The Select Litigation group conducted a study to include interviews with a sample size of 800 respondents.

Among the key findings of the Select Litigation group include:

- Prospective jurors in the District of Columbia have decidedly negative impressions of individuals arrested concerning the activities of January 6, 2021--a clear majority admit they would be inclined to vote guilty if they were serving on a jury.[2]

- The vast majority (84%) have an unfavorable opinion of the people arrested for participation in the events at the Capitol on January 6.[3]

- An overwhelming majority of the District of Columbia jury pool have a prejudgment about the case.[4] When asked whether they think the "people who were arrested for

---

[2] Exhibit 2, Select Litigation Study, dated 2/4/2022, page 2, paragraph 5.
[3] Exhibit 2, Select Litigation Study, dated 2/4/2022, page 3, paragraph 9.
[4] Exhibit 2, Select Litigation Study, dated 2/4/2022, page 3, paragraph 10.

Motion to use a Jury Questionnaire and to Conduct Extensive Voir Dire
*U.S. v. Nicole Joyner;* 1:24-cr-00371-JEB
Page 3 of 7

HERITAGE LAW FIRM, LLC
P.O. Box 690484 • Vero Beach, FL 32969
Phone: (907) 952-4264
Email: heritagelawfirmak@gmail.com

- activities related to those demonstrations are guilty or not guilty of the charges brought against them," 71% say "guilty" and 3% say "not guilty."[5]

- A majority of jury-eligible residents of the District of Columbia (52%) admit that if they were on a jury for a defendant charged with crimes for his or her activities on January 6th, they would be more likely to vote the defendant guilty.[6]

- Almost all prospective jurors in the District of Columbia remember being exposed to media coverage of January 6th (over 90% have seen, read, or heard some). Most of them said the media coverage implied that the defendants are guilty of the charges brought against them.[7]

- Three-quarters (76%) believe that the term "insurrection" would describe the actions on January 6, and 72% believe "trying to overthrow the US government" would be an apt description.[8]

Thus, this Study showed significant issues with jury bias in the Washington, D.C. jury pool.

Another separate study uncovered similar jury bias issues. In another study by inlux Research + Analytics, they made similar findings of extraordinary prejudice against defendants charged with "J6" related crimes. In this comparative study, over 1500 potential jurors were interviewed yielding 350 responses from each test area. The findings of this separate study include:

- The Study showed that the D.C. Community is saturated with potential jurors who harbor actual bias against Defendants.[9]

---

[5] Exhibit 2, Select Litigation Study, dated 2/4/2022, page 3, paragraph 10.
[6] Exhibit 2, Select Litigation Study, dated 2/4/2022, page 3, paragraph 11.
[7] Exhibit 2, Select Litigation Study, dated 2/4/2022, page 3, paragraph 13.
[8] Exhibit 2, Select Litigation Study, dated 2/4/2022, page 3, paragraph 15.
[9] Exhibit 3, inlux Research + Analytics Study, page 3 of 28.

HERITAGE LAW FIRM, LLC
P.O. Box 690484 • Vero Beach, FL 32969
Phone: (907) 952-4264
Email: heritagelawfirmak@gmail.com

Motion to use a Jury Questionnaire and to Conduct Extensive Voir Dire
*U.S. v. Nicole Joyner;* 1:24-cr-00371-JEB
Page 4 of 7

- 72% of D.C. community respondents said that they are likely to find defendants guilty- even when given the choice, "it is too early to decide."[10]

- 85% of the D.C. community characterizes the events of January 6th as acts that are criminal in nature (insurrection, attack or riot), even when given options to reserve judgment on that question.[11]

- Over 40% of the D.C. community stated they believe all the events of January 6th were racially motivated.[12]

This study along with trial results show that the D.C. jury pool has bias and safeguards are necessary to ensure a fair and just trial.

### IV.

### THE COURT HAS VAST AUTHORITY TO ENSURE A FAIR AND JUST TRIAL

No right ranks higher than the right of the accused to a fair trial. Press-Enter. Co. v. Superior Ct. of California, Riverside Cnty., 464 U.S. 501, 508 (1984)  A District Judge is more than a moderator or umpire and has an active responsibility to see that a criminal trial is fairly conducted. United States v. Curcio, 279 F.2d 681, 682 (2d Cir. 1960)  To ensure a fair trial, there is wide discretion granted to trial courts in conducting *voir dire* in the area of pretrial publicity and in other areas that might tend to show juror bias. Mu'Min v. Virginia, 500 U.S. 415, 415 (1991)  Accordingly, a federal District Court Judge has vast responsibilities to ensure a fair trial and, necessarily, must have vast authority to fulfill those duties.

---

[10] Exhibit 3, inlux Research + Analytics Study, page 4 of 28.
[11] Exhibit 3, inlux Research + Analytics Study, page 4 of 28.
[12] Exhibit 3, inlux Research + Analytics Study, page 4 of 28.

Motion to use a Jury Questionnaire and to Conduct Extensive Voir Dire
*U.S. v. Nicole Joyner;* 1:24-cr-00371-JEB
Page 5 of 7

HERITAGE LAW FIRM, LLC
P.O. Box 690484 • Vero Beach, FL 32969
Phone: (907) 952-4264
Email: heritagelawfirmak@gmail.com

### V.

### **THE DEFENSE RESPECTFULLY REQUESTS TO USE A JURY QUESTIONNAIRE**

Two separate jury studies show significant issues with jury bias in Washington, D.C., concerning "J6" defendants. To ensure political partisans do not contaminate the jury, the defense needs to use a Jury Questionnaire and have significant authority to question the jury about their answers. The defense submits the proposed Jury Questionnaire at Exhibit 1 to be used at the pending trial for Nicole Joyner.

### VI.

### **THE DEFENSE REQUESTS 10 PEREMPTORY CHALLENGES INSTEAD OF 3**

The Federal Rules of Criminal Procedure at Rule 24(b)(3) provides that each side has three peremptory challenges for a misdemeanor trial during jury selection. Due to the issues of potential juror bias, the defense respectfully requests ten peremptory challenges for the pending trial concerning Defendant Nicole Joyner.

### VII.

### **THE DEFENSE REQUESTS PERMISSION TO CONDUCT EXTENSIVE VOIR DIRE ABOUT BIAS TO ENSURE A FAIR AND JUST JURY**

To determine the attitudes and prejudices of the jurors, the defense will need freedom to question the jury about the subject areas on the Jury Questionnaire. Based upon two separate jury studies, the defense believes this case will be lost before opening statements if zealot partisans along with people conditioned by political narratives are not removed from the jury. Accordingly, the defense requests a Jury Questionnaire, 10 peremptory challenges, and the freedom to question the jury during *voir dire* to determine their attitudes, beliefs, and prejudgments.

HERITAGE LAW FIRM, LLC
P.O. Box 690484 • Vero Beach, FL 32969
Phone: (907) 952-4264
Email: heritagelawfirmak@gmail.com

Motion to use a Jury Questionnaire and to Conduct Extensive Voir Dire
*U.S. v. Nicole Joyner;* 1:24-cr-00371-JEB
Page 6 of 7

          Respectfully Submitted:
/s/Gregory Heritage

GREGORY M. HERITAGE, ESQ.
District of Columbia Bar No. 472764

**CERTIFICATE OF SERVICE**
I hereby certify that on 9/10/2024, I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Columbia by using the district's CM/ECF system. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.
/s/Gregory Heritage

Gregory M. Heritage, Esq.

HERITAGE LAW FIRM, LLC
P.O. Box 690484 • Vero Beach, FL 32969
Phone: (907) 952-4264
Email: heritagelawfirmak@gmail.com

Motion to use a Jury Questionnaire and to Conduct Extensive Voir Dire
*U.S. v. Nicole Joyner;* 1:24-cr-00371-JEB
Page 7 of 7