UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 24-cr-371 (JEB) |
| v. : | |
| : | |
| NICOLE MARIE JOYNER : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO
SPECIFY THE DEFINITIONS AND ELEMENTS OF THE CHARGES**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Defendant's Motion to Specify the Definitions and Elements of the Charges. Defendant's motion asks the Court to adopt the definitions used by the court in *United States v. Elizalde*, 23-cr-170 (CJN) (*see* ECF No. 24). The government urges the Court to instead use the below set of proposed legal instructions. The defendant's proposed definitions differ from the government's in five places, each of which is noted below.

Defendant Joyner is charged in a four-count information with: (1) Entering And Remaining In A Restricted Grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count One); (2) Disorderly And Disruptive Conduct In A Restricted Building Or Grounds, in violation of 18 U.S.C. § 1752(a)(2) (Count Two); (3) Disorderly Conduct In A Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) (Count Three); and (4) Parading, Demonstrating, Or Picketing In A Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G) (Count Four) (ECF No. 21).

1

## I. Count One, 18 U.S.C. § 1752(a)(1) – Entering Or Remaining in a Restricted Building Or Grounds[1]

Count One of the Information charges the defendant with entering or remaining in a restricted building or grounds, which is a violation of federal law.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

---

[1] 18 U.S.C. §§ 1752, 3056; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021). For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 26); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 8-9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 30).

Second, the defendant did so knowingly.[23]

**Definitions**

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President and the immediate family of the Vice President.

---

[2] **Government Submission:** Consistent with the Court's holding in *United States v. Easterday*, Section 1752 requires proof that the defendant knew that an area was posted, cordoned off, or otherwise restricted, and knew that he or she lacked lawful authority to be in that area, but it does not require proof that the defendant knew of the presence of a U.S. Secret Service protectee within the restricted area. *See* 22-cr-404 (JEB), 2024 WL 1513527, at *10 (D.D.C. Apr. 8, 2024). The majority of other courts in this district have similarly held that knowledge of a protectee's presence in the restricted area is not required. *See United States v. Carnell et al.*, 23-cr-139 (BAH) (Memorandum Opinion, Feb. 15, 2024, ECF No. 98 at 10-12); *United States v. Warnagiris*, 21-cr-382 (PLF), ECF No. 128 at 4–5 (D.D.C. Mar. 28, 2024); *United States v. Chambers*, 23-cr-300 (DLF) (D.D.C. Mar. 14, 2024); *United States v. Kenyon*, No. 23-cr-101 (ABJ), (Mar. 12, 2024); *United States v. Ibrahim*, No. 21-cr-496 (TJK) (Apr. 16, 2024); *United States v. Smith,* No. 23-cr-71 (RDM), Trial Tr. at 82-97 (May 10, 2024); *United States v. Nester*, 22-cr-183 (TSC) (D.D.C. Mar. 5, 2024);  Trial Tr. at 1199–1200,; Mem. Court's Responses to Jury Questions at 4, *United States v. Rhine*, No. 21-cr-687 (RC), ECF No. 104 (D.D.C. Apr. 24, 2023); Trial Tr. at 330–32, *United States v. Griffin*, No. 21-cr-92 (TNM), ECF No. 106 (D.D.C. Mar. 22, 2022).  Some courts in this district have come to the opposite conclusion, but those opinions came to the wrong result. *See United States v. Vaglica*, No. 23-cr-429 (CKK) (Memorandum Opinion, Sept. 19, 2024, ECF No. 62); Verdict Tr. at 4, *United States v. Samsel*, No. 21-cr-537 (JMC) (D.D.C. Feb. 2, 2024); *United States v. Groseclose*, No. 21-cr-311 (CRC), 2024 WL 68248, at *9 (D.D.C. Jan. 5, 2024); *United States, v. Elizalde*, No. 23-cr-170 (CJN), 2023 WL 8354932, at *7 (D.D.C. Dec. 1, 2023); *United States v. Hostetter*, No. 21-cr-392 (RCL), 2023 WL 4539842, at *4 (D.D.C. July 13, 2023). The D.C. Circuit is expected to decide this issue in *United States v. Griffin*, No. 22-3042 (oral argument held Dec. 4, 2023).

[3] **Defense Submission:** The government must prove that the defendant knew that he had entered or remained in what he knew to be a restricted building or grounds and that he knew that he did not have lawful authority to enter that area. It is insufficient for the government to prove that the defendant merely knew that the area he entered or remained in was restricted in the colloquial sense. The government must instead prove that (A) the defendant knew that the area was posted, cordoned off, or otherwise restricted and (B) the defendant knew that the Vice President or the Vice President's immediate family was or would be temporarily visiting the area. *United States, v. Elizalde*, No. 23-cr-170 (CJN) (Final Jury Instructions, Dec. 1, 2023, ECF No. 40).

A person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did, said, or perceived.[4]

## II. Count Two, 18 U.S.C. § 1752(a)(2) – Disorderly Or Disruptive Conduct in a Restricted Building Or Grounds[5]

Count Two of the Information charges the defendant with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

> First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.
>
> Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.
>
> Third, the defendant's conduct occurred when, or so that, his conduct in fact

---

[4] *See* The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1); *see also Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005); *United States v. Carpenter*, 21-cr-305 (JEB) (ECF No. 97 at 11) (including instruction that the evidence to be considered includes "what [the defendant] did, said, or perceived"); *United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 9) (same); *United States v. Gunby*, 21-cr-626 (PLF) (ECF No. 57 at 7 (holding, in a January 6 case charging offenses under 18 U.S.C. § 1752 and 40 U.S.C. § 5104, that "what [the defendant] witnessed is directly relevant to his knowledge and intent") (citing *United States v. Griffith*, 21-cr-244, 2023 WL 2043223, at *3 (D.D.C. Feb. 16, 2023) and *United States v. Rhine*, 21-cr-687, 2023 WL 2072450, at *7 (D.D.C. Feb. 17, 2023)).
[5] 18 U.S.C. § 1752. For January 6 cases using similar instructions, see *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6-7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 27); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 9); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Horn*, 21-cr-301 (TJK) (ECF No. 82 at 13).

impeded or disrupted the orderly conduct of Government business or official functions.

**Definitions**

The terms "restricted building or grounds" and "knowingly" have the same meanings described in the instructions for Count One.

**Government proposed definitions of "disorderly conduct" and "disruptive conduct":**

"Disorderly conduct" is conduct that, when viewed in the circumstances in which it takes place, is likely to endanger public safety or create a public disturbance.[6] Even passive, quiet, and nonviolent conduct can be "disorderly," if the conduct is likely to cause a public disturbance.[7] Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.[8]

"Disruptive conduct" is conduct that, when viewed in the circumstances in which it takes place, tends to interfere with or inhibit usual proceedings.[9] This includes conduct that causes disorder or turmoil, or that stops or prevents the normal continuance of an activity. Whether

---

[6] *United States v. Alford*, 89 F.4th 943, 950 (D.C. Cir. 2024); *see also United States v. Martin*, 21-cr-562 (RC) (ECF No. 87 at 39); *United States v. Woehl*, 24-cr-83 (DLF) (ECF No. 44 at 3); *United States v. Grider*, 21-cr-22 (CKK) (ECF No. 150 at 24) ("'[D]isorderly' conduct is that which 'tends to disturb the public peace, offend public morals, or undermine public safety.' 'Disorderly,' *Black's Law Dictionary* (9th ed. 2009); 'Disorderly,' *Oxford English Dictionary* (2nd ed. 1989) ('Not according to order or rule; in a lawless or unruly way; tumultuously, riotously.')").

[7] *United States v. Alford*, 89 F.4th 943, 950 (D.C. Cir. 2024) ("[I]it is … clear from caselaw that even passive, quiet and nonviolent conduct can be disorderly. The Supreme Court has recognized that a breach of the peace can occur 'by passive conduct likely to cause a public disturbance[.]'" (citing *Garner v. Louisiana*, 368 U.S. 157, 174 (1961))); *see also United States v. Martin*, 21-cr-562 (RC) (ECF No. 87 at 39); *United States v. Woehl*, 24-cr-83 (DLF) (ECF No. 44 at 3).

[8] *United States v. Schwartz, et al.*, 21-cr-178 (APM) (ECF No. 172 at 27); *United States v. Gietzen*, 22-cr-116 (CJN) (ECF No. 50 at 32); *United States v. Alam*, 21-cr-190 (DLF) (ECF No. 104 at 237-38).

[9] *United States v. Alford*, 89 F.4th 943, 951 (D.C. Cir. 2024); *see also United States v. Martin*, 21-cr-562 (RC) (ECF No. 87 at 40); *United States v. Woehl*, 24-cr-83 (DLF) (ECF No. 44 at 4).

particular conduct is "disruptive" depends on the context and surrounding circumstances, and includes conduct that is plainly out of place for the time or setting where it occurs.[10]

**Defense proposed definitions of "disorderly conduct" and "disruptive conduct":**

"Disorderly conduct" occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses language likely to produce violence on the part of others, or language that is unreasonably loud, abusive, and disruptive under the circumstances. It is behavior that tends to disturb the public peace, offend public morals, or undermine public safety."[11]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[12]

**III.     Count Three, 40 U.S.C. § 5104(e)(2)(D) – Disorderly Conduct in a Capitol Building[13]**

Count Three of the Information charges the defendant with disorderly and disruptive conduct in a Capitol Building or Grounds, which is a violation of federal law.

---

[10] *United States v. Alford*, 89 F.4th 943, 950-51 (D.C. Cir. 2024) (noting that "disrupt" means "to throw into disorder or turmoil" and that "disruptive actions are those that are inappropriate or plainly out of place for the time or setting"); *see also United States v. Martin*, 21-cr-562 (RC) (ECF No. 87 at 40); *United States v. Woehl*, 24-cr-83 (DLF) (ECF No. 44 at 4).
[11] *United States, v. Elizalde*, No. 23-cr-170 (CJN) (Final Jury Instructions, Dec. 1, 2023, ECF No. 40).
[12] *United States, v. Elizalde*, No. 23-cr-170 (CJN) (Final Jury Instructions, Dec. 1, 2023, ECF No. 40).
[13] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 22); *United States v. Jenkins*, 21-cr-245 (APM) (ECF No. 78 at 31); *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 40); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40); *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 6); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 28); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 10-11).

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings or Grounds.

Second, the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, the defendant acted willfully and knowingly.

**Definitions**

The term "House of Congress" means the United States Senate or the United States House of Representatives.

The term "Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C. The "Capitol Grounds" are defined by the United States Code, which refers to a 1946 map on file in the Office of the Surveyor of the District of Columbia. The boundaries of the Capitol Grounds include all additions added by law after that map was recorded. The Capitol Grounds includes the portion of Pennsylvania Avenue Northwest from the west curb of First Street Northwest to the curb of Third Street Northwest.[14]

"Disorderly conduct" and "disruptive conduct" have the same meaning described in the instructions for Count Two.

For purposes of this offense, "the orderly conduct of a session of Congress or either House of Congress" includes the actions of Congress' Joint Session to certify the Electoral College vote.[15]

---

[14] **Defense Addition:** The government must prove that the defendant knew that his conduct was in a Capitol Building or on Capitol Grounds. *United States, v. Elizalde*, No. 23-cr-170 (CJN) (Final Jury Instructions, Dec. 1, 2023, ECF No. 40).

[15] *See United States v. Kelly*, 21-cr-708 (RCL) (ECF No. 101 at 17).

The term "knowingly" has the same meaning described in the instructions for Count One.[16]

A person acts "willfully" if she acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that her conduct may be violating.[17]

### IV. Count Four, 40 U.S.C. § 5104(e)(2)(G) – Parading, Demonstrating, Or Picketing in a Capitol Building[18]

Count Four of the Information charges the defendant with parading, demonstrating, or picketing in a Capitol Building, which is a violation of federal law.

**Elements**

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

    First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

    Second, the defendant acted willfully and knowingly.

**Definitions**

The terms "parade" and "picket" have their ordinary meanings.

---

[16] **Defense Addition:** The government must prove that the defendant knew that his conduct was disorderly or disruptive. *United States, v. Elizalde*, No. 23-cr-170 (CJN) (Final Jury Instructions, Dec. 1, 2023, ECF No. 40).

[17] *See United States v. Bryan*, 524 U.S. 184, 190 (1998).

[18] *United States v. Barnett*, 21-cr-38 (CRC) (ECF No. 158 at 23); *United States v. Jensen*, 21-cr-6 (TJK) (ECF No. 97 at 42); *United States v. Williams*, 21-cr-618 (ABJ) (ECF 122 at 40); *United States v. Eicher*, 22-cr-38 (BAH) (ECF No. 82 at 7); *United States v. Lesperance, et al.*, 21-cr-575 (JDB) (ECF No. 96 at 29); *United States v. Chwiesiuk, et al.*, 21-cr-536 (ACR) (ECF No. 103 at 11); *United States v. Horn*, 21-cr-301 (TJK) (ECF No. 82 at 19).

The term "demonstrate" refers to gathering with others to express support for or disapproval of an identified action or viewpoint.[19] The term "demonstrate" may also refer to conduct that would disrupt the orderly business of Congress.[20][21]

The term "Capitol Buildings" has the same meaning described in the instructions for Count Three.

The terms "knowingly" and "willfully" have the same meaning described in the instructions for Count Three.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   /s/ Alexander Diamond
ALEXANDER DIAMOND
NY Bar No. 5684634
Assistant United States Attorney
District of Columbia
601 D St. NW
Washington, DC 20530
Alexander.diamond@usdoj.gov
(202) 506-0427

---

[19] *United States v. Nassif*, No. 23-3069, 2024 WL 1515004, at *8 (D.C. Cir. Apr. 9, 2024); *see also id*. at *9 ("Under any plausible definition of the term, Nassif was "demonstrating" when he joined a group of hundreds of people, many carrying signs, banners, or flags, who shouted or chanted as they descended on and entered into the Capitol seeking to halt the certification of the 2020 election.").

[20] See Bynum v. United States Capitol Police Board, 93 F. Supp. 2d 50, 58 (D.D.C. 2000).

[21] **Defense Submission:** The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying. *United States, v. Elizalde*, No. 23-cr-170 (CJN) (Final Jury Instructions, Dec. 1, 2023, ECF No. 40).