HERITAGE LAW FIRM, LLC
GREGORY M. HERITAGE, ESQ.
District of Columbia Bar No. 472764
P.O. Box 690484
Vero Beach, FL 32969
(907) 952-4264
E-mail: heritagelawfirmak@gmail.com
Attorney for Defendant Nicole Joyner

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:24-cr-00371-JEB |
| Plaintiff, | |
| vs. | **REPLY TO THE USAO's RESPONSE TO DEFENDANT'S MOTION TO SPECIFY THE DEFINITIONS AND ELEMENTS OF THE CHARGES** |
| NICOLE JOYNER, | |
| Defendant. | |

COMES NOW Defendant Nicole Joyner by and through her Attorney Gregory M. Heritage and submits this Reply to the USAO's Response to Defendant's Motion to Specify the Definitions and Elements of the Charges. The USAO, apparently, does not contest any of the proposed elements of the charges. The USAO, however, appears to contest the following definitions: Disruptive Conduct; Disorderly Conduct; and Demonstrate.

In the defense's view, the USAO demands that the Court discards definitions of these common terms long established and proven effective in American jurisprudence and, instead, adopt new / progressive terms specially designed. The defense objects to these specially designed definitions as new, not tested over a long period of time to ensure fairness, vague, unfair, complicated, confusing, and certain to result in conviction. Accordingly, the defense recommends the use of the established definitions of these common legal terms that have already

Reply to USAO's Response to Defendant's Motion to Specify the Definitions and Elements of the Charges
*U.S. v. Nicole Joyner;* 1:24-cr-00371-JEB
Page 1 of 6

been tested over a long period of time.  For the Court's consideration and efficient comparison, the defense has organized the contested terms using the defense's proposal, the established definitions in the Criminal Jury Instructions for the District of Columbia, and the government's proposal.

**I.**

**<u>DISRUPTIVE CONDUCT</u>**

<u>Defense</u>

"*Disruptive conduct*" is a disturbance that interrupts an event, activity, or the normal course of a process.

<u>Criminal Jury Instructions for the District of Columbia</u>

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[1]

<u>Government</u>

"*Disruptive conduct*" is conduct that, when viewed in the circumstances in which it takes place, tends to interfere with or inhibit usual proceedings.  This includes conduct that causes disorder or turmoil, or that stops or prevents the normal continuance of an activity.  Whether particular conduct is "disruptive" depends on the context and surrounding circumstances, and includes conduct that is plainly out of place for the time or setting where it occurs.

HERITAGE LAW FIRM, LLC
P.O. Box 690484 • Vero Beach, FL 32969
Phone: (907) 952-4264
Email: heritagelawfirmak@gmail.com

---

[1]Criminal Jury Instructions for the District of Columbia, Release No. 19, September, 2021, Instruction 6.643, Unlawful Conduct on Capitol Grounds, page 845-846.

Reply to USAO's Response to Defendant's Motion to Specify the Definitions and Elements of the Charges
*U.S. v. Nicole Joyner;* 1:24-cr-00371-JEB
Page 2 of 6

## II.

## **DISORDERLY CONDUCT**

### Defense

"*Disorderly conduct*" is conduct that tends to disturb the public peace or undermine public safety.  Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.

### Criminal Jury Instructions for the District of Columbia

"*Disorderly conduct*" occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.[2]

### Government

"*Disorderly conduct*" is conduct that, when viewed in the circumstances in which it takes place, is likely to endanger public safety or create a public disturbance.  Even passive, quiet, and nonviolent conduct can be "disorderly," if the conduct is likely to cause a public disturbance.  Disorderly conduct includes when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be

---

[2] Criminal Jury Instructions for the District of Columbia, Release No. 19, September 2021, Instruction 6.643, Unlawful Conduct on Capitol Grounds, page 845-846.

Reply to USAO's Response to Defendant's Motion to Specify the Definitions and Elements of the Charges
*U.S. v. Nicole Joyner;* 1:24-cr-00371-JEB
Page 3 of 6

HERITAGE LAW FIRM, LLC
P.O. Box 690484 • Vero Beach, FL 32969
Phone: (907) 952-4264
Email: heritagelawfirmak@gmail.com

harmed or taken, uses words likely to produce violence on the part of others, or is unreasonably loud and disruptive under the circumstances.

## III.

## DEMONSTRATE

### Defense

The term "*demonstrate*" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.

### Criminal Jury Instructions for the District of Columbia

"Demonstrating" means speechmaking, holding of vigils, sit-ins or other activities conducted for the purpose of demonstrating approval or disapproval of government policies or practices or lack thereof, expressing a view on public issues, or bringing into public notice any issue or other matter.[3]

### Government

The term "*demonstrate*" refers to gathering with others to express support for or disapproval of an identified action or viewpoint. The term "*demonstrate*" may also refer to conduct that would disrupt the orderly business of Congress.

HERITAGE LAW FIRM, LLC
P.O. Box 690484 • Vero Beach, FL 32969
Phone: (907) 952-4264
Email: heritagelawfirmak@gmail.com

---

[3] Criminal Jury Instructions for the District of Columbian, Release No. 19, September 2021, Instruction 6.644, Unlawful Demonstrating in a Capitol Building, page 848.

Reply to USAO's Response to Defendant's Motion to Specify the Definitions and Elements of the Charges
*U.S. v. Nicole Joyner;* 1:24-cr-00371-JEB
Page 4 of 6

IV.

**ASSOCIATED JURY INSTRUCTIONS**

The defense is not clear if the USAO objected to these proposed jury instructions that were included in the defense's motion so these instructions are included again to ensure fair notice to the government.

Count 1: Entering or Remaining in a Restricted Building or Grounds

The government must prove that the defendant knew she had entered or remained in what she knew to be a restricted building or grounds and that she knew that she did not have lawful authority to enter that area.  It is insufficient for the government to prove that the defendant merely knew that the area she entered or remained in was restricted in the colloquial sense.  The government must instead prove that: (A) the defendant knew that the area was posted, cordoned off, or otherwise restricted; and, (B) the defendant knew that the Vice President or the Vice President's immediate family was or would be temporarily visiting the area.

COUNT 3: Disorderly Conduct in a Capitol Building or Grounds

A person acts "*knowingly*" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident.  A person acts "*willfully*" if she acts with the intent to do something that the law forbids, that is, to disobey or disregard the law.  In deciding whether the defendant acted knowingly, the factfinder may consider all of the evidence, including what the defendant did, said, or perceived.  The government must prove that the defendant knew that her conduct was disorderly or disruptive.  While the government must show that a defendant knew that her conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that her conduct violated.

HERITAGE LAW FIRM, LLC
P.O. Box 690484 • Vero Beach, FL 32969
Phone: (907) 952-4264
Email: heritagelawfirmak@gmail.com

Reply to USAO's Response to Defendant's Motion to Specify the Definitions and Elements of the Charges
*U.S. v. Nicole Joyner;* 1:24-cr-00371-JEB
Page 5 of 6

## CONCLUSION

The terms in dispute are common legal terms that have established definitions in the District of Columbia's Criminal Jury Instructions and these established terms have been tested over a long period of time.  The government's new and progressive terms are complex, complicated, vague, not tested over a long period of time, unfair, and likely to ensure conviction of even innocent people.  Accordingly, the defense requests to use the already defined, established, and tested terms.

Dated this 26th day of September, 2024

Respectfully Submitted:
/s/Gregory Heritage

_____
GREGORY M. HERITAGE, ESQ.
District of Columbia Bar No. 472764

**CERTIFICATE OF SERVICE**
I hereby certify that on 9/26/2024, I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of  Columbia by using the district's CM/ECF system.  All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.

/s/Gregory Heritage

_____
Gregory M. Heritage, Esq.

HERITAGE LAW FIRM, LLC
P.O. Box 690484 • Vero Beach, FL 32969
Phone: (907) 952-4264
Email: heritagelawfirmak@gmail.com

Reply to USAO's Response to Defendant's Motion to Specify the Definitions and Elements of the Charges
*U.S. v. Nicole Joyner;* 1:24-cr-00371-JEB
Page 6 of 6